**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Leory Washington Haughton,** | ) | **Case No. 9:26-cv-01032-RMG-MGB** |
| **Plaintiff,** | ) | |
| **v.** | ) | **REPORT AND RECOMMENDATION** |
| **Publix Supermarkets, Inc.; Carson Powell** | ) | |
| **Defendants.** | ) | |

Plaintiff Leory Washington Haughton, appearing *pro se*, originally filed this action in state court on October 27, 2025, alleging claims under state law. It was removed to federal court on March 10, 2026. (Dkt. No. 1.) On June 22, 2026, Defendants filed a Motion to Dismiss, asserting Plaintiff's claims are barred by the applicable statute of limitations. (Dkt. No. 25.) That same day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 26.) Plaintiff filed a response in opposition to the Motion to Dismiss on July 16, 2026. (Dkt. No. 28.) That same day, Plaintiff filed a Motion to Amend the Complaint and submitted a proposed Amended Complaint. (Dkt. No. 29.) Defendants did not respond to Plaintiff's Motion to Amend, and the motions are now ripe for review. For the reasons stated below, the undersigned recommends that the Court dismiss Plaintiff's Motion to Amend as moot and grant in part and deny in part Defendants' Motion to Dismiss.[1]

[1] Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Here, the undersigned recognizes that motions to amend typically are not dispositive. However, because of the specific arguments in the motion to dismiss and the procedural history of this case, the undersigned finds it appropriate to issue a report and recommendation on Plaintiff's motion to amend.

**BACKGROUND**

In this civil action, Plaintiff challenges his arrest for shoplifting a Publix Supermarket on May 6, 2019. (Dkt. No. 17 at 2.) According to Plaintiff, "one of [Publix's] managers named [Defendant] Carson Powell . . . asserted false facts to the Jasper County Sheriff's Office . . . to secure a false arrest warrant . . . to have the Plaintiff Leroy Haughton arrested and [] prosecuted . . . ." (*Id.*) Plaintiff alleges he "was not even on the premises that day shopping nor committing the crime of the alleged offense of shoplifting." (*Id.*) Plaintiff alleges that "the charge was dismissed on or about October 25, 2025," after a "lengthy prosecution." (*Id.* at 2–3.) In the factual portion of the Complaint, Plaintiff alleges that the "causes of action are malicious prosecution, emotional distress, false imprisonment, libel, and [ ] false arrest." (*Id.* at 3.) However, the Complaint later identifies only three causes of action: (1) "False Imprisonment and False Arrest"; (2) "Intentional Infliction of Emotional Distress"; and (3) "Claim for Punitive Damages." (*Id.* at 4–6.) The Complaint indicates these causes of action are brought only under state law. (*Id.*)

As noted above, Defendants have moved to dismiss this action on the basis of the statute of limitations. (Dkt. No. 25.) Defendants previously moved to dismiss this action on March 16, 2026. (Dkt. No. 5.) However, that motion was dismissed as moot after Plaintiff amended his complaint. (*See* Dkt. Nos. 16; 17.) Specific to the current Motion to Dismiss, Plaintiff has filed a response in opposition (Dkt. No. 28) and separately moved to amend the Complaint again (Dkt. No. 29). However, his proposed amended complaint (Dkt. No. 29-1) is identical to the current Amended Complaint (Dkt. No. 17). Accordingly, the undersigned recommends Plaintiff's Motion to Amend (Dkt. No. 29) be dismissed as moot and considers Defendants' Motion to Dismiss below.

## STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

"[A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as

the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). As a result, district courts may only resolve a statute of limitations defense at the motion to dismiss stage if "all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Id.* (quoting *Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**DISCUSSION**

In their Motion to Dismiss, Defendants assert that Plaintiff brings "claims for false imprisonment, intentional infliction of emotional distress, [and] punitive damages," and argue that these claims "fail as a matter of law as he failed to commence this action within the applicable statute of limitations period." (Dkt. No. 25 at 2.) In response, Plaintiff asserts that he filed his claims "within the boundary of the statute of limitations," including his malicious prosecution claim. (Dkt. No. 28.)

Liberally construed, the Amended Complaint brings claims under state law for false arrest/false imprisonment, intentional infliction of emotional distress, punitive damages, libel, and malicious prosecution. (Dkt. No. 17.) Upon review, Plaintiff's claims for false arrest/false imprisonment, libel, and intentional infliction of emotional distress are barred by the applicable statute of limitations and should therefore be dismissed. As an initial matter, the statute of limitations for a false arrest claim under South Carolina law is three years, and it commences when the plaintiff is detained pursuant to legal process. *See* S.C. Code Ann. § 15–3–530(5); *Campbell v. Smith*, No. 9:08-cv-4078 DCN, 2009 WL 3739351, at *4 (D.S.C. Nov. 4, 2009). As noted above,

Plaintiff was arrested on May 6, 2019 and he filed this action on October 27, 2025, which is beyond the applicable statute of limitations for a false arrest claim.

Specific to Plaintiff's claim for intentional infliction of emotional distress, this claim has a three-year statute of limitations under South Carolina law, and it begins to accrue when it "reasonably ought to have been discovered." *Dean v. Ruscon Corp.*, 321 S.C. 360, 468 (1996); *see also* S.C. Code Ann. § 15-3-530; S.C. Code Ann. § 15-78-110; *see also Parkman v. Univ. of S.C.*, No. 01–1596, 2002 WL 1792098, at *11 (4th Cir. 2002) (holding that under South Carolina law, a three-year statute of limitations governs intentional infliction of emotional distress claims). Here, the Amended Complaint alleges Defendants were "willful, malicious, and/or reckless in falsely accusing, detaining, and causing the arrest of Plaintiff" and Plaintiff "suffered severe emotional distress" as a result. (Dkt. No. 17 at 5.) Accordingly, this claim stems from the events occurring on the day of Plaintiff's arrest, May 6, 2019, and it is barred by the applicable three-year statute of limitations.

As for Plaintiff's libel claim, it is unclear whether this claim stems from false statements made by Defendants during Plaintiff's arrest and/or his subsequent prosecution. Regardless, the statute of limitations for a defamation claim is two years from the date the cause of action accrued, and it accrues on the date the defamatory statement is made. S.C. Code Ann. § 15-3-550; *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 501 (S.C. 1998) (explaining that defamatory communications take two forms: slander and libel); *Harris v. Tietex Int'l Ltd.*, 790 S.E.2d 411, 416 (S.C. Ct. App. 2016) (citing *Jones v. City of Folly Beach*, 483 S.E.2d 770, 775 (S.C. Ct. App. 1997)). Accordingly, even if this claim accrued at some point during the underlying prosecution of his charges, Plaintiff still filed this action beyond the applicable two-year statute of limitations.

However, Defendants are not entitled to dismissal of Plaintiff's claims for malicious prosecution and punitive damages. Relevant here, the Amended Complaint alleges that Defendant Powell, a manager at Publix,

> asserted false facts to the Jasper County Sheriff's Office on or about May 6, 2019, to secure a false arrest warrant based on false facts to have the Plaintiff, Leroy Haughton, arrested and [ ] prosecuted causing the Plaintiff severe emotional distress when Plaintiff was not even on the premises that day shopping . . . The criminal charges were dismissed in the trial court in Plaintiff's favor, the trial court found Plaintiff . . . "not guilty" on October 25, 2023.

(Dkt. No. 17 at 2.) The Amended Complaint further alleges "[t]he Defendants prosecuted Plaintiff for a (4 to 5 years) duration before resolving the criminal charges. . . . Plaintiff has paid in excess of $3,000.00 to defend himself from the criminal charge of shoplifting offense." (*Id*. at 2–3.)

The statute of limitations for a malicious prosecution action under South Carolina law is three years, and it commences when the judicial proceedings are terminated in the plaintiff's favor. *See* S.C. Code Ann. § 15-3-530(5) (stating the statute of limitations for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law" is three years); *Sanders v. Downing*, No. 2:23-cv-06823-RMG-MHC, 2024 WL 4958215, at *5 (D.S.C. Oct. 10, 2024) ("Plaintiff's claim for malicious prosecution, which was filed in December of 2023, was timely filed within three years of the date he alleges the underlying proceedings terminated in his favor."), *adopted by*, 2024 WL 4678378 (D.S.C. Nov. 5, 2024). Here, Plaintiff filed this action on October 27, 2025, which was within three years of October 25, 2023, the date he alleges the underlying proceedings terminated in his favor. Accordingly, the undersigned finds that the statute of limitations does not bar Plaintiff's state law claim for malicious prosecution, and it should not be dismissed on this basis.

This finding likewise defeats Defendants' argument for dismissal of Plaintiff's punitive damages claim. In their Motion, Defendants argue that Plaintiff's punitive damages claim should

be dismissed because they "can only be awarded upon an underlying finding of actual damages." (Dkt. No. 25 at 4.) However, because Plaintiff's malicious prosecution claim survives dismissal, this argument is without merit.

## CONCLUSION

For the above reasons, the undersigned RECOMMENDS that Plaintiff's Motion to Amend (Dkt. No. 29) be DISMISSED as MOOT and that Defendants' Motion to Dismiss (Dkt. No. 25) be GRANTED IN PART AND DENIED IN PART. More specifically, Plaintiff's claims for malicious prosecution and punitive damages should remain pending, and his remaining claims should be dismissed.

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 3, 2026
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).