**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Leory Washington Haughton,<br><br>Plaintiff,<br>v.<br><br>Publix Supermarkets, Inc; Carson Powel,<br><br>Defendants. | Case No. 9:26-cv-1032-RMG<br><br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 30), recommending that Plaintiff's motion to amend (Dkt. No. 29) be dismissed as duplicative to the current amended complaint (Dkt. No. 17), Defendants' motion to dismiss Plaintiff's claims for false arrest, intentional infliction of emotional distress, and libel be granted because they were filed outside the applicable statute of limitations, and Defendants' motion to dismiss Plaintiff's claim for malicious prosecution and prayer for punitive damages be denied. The parties were given notice that they had 14 days from the date of the R&R to file any objection. (*Id*. at 8). The Court has received no objections. For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

## I. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

**B. Pro Se Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

**II. Discussion**

This case arises out of the arrest of Plaintiff for shoplifting at a Publix Supermarket in Jasper County, South Carolina on May 6, 2019. Plaintiff asserts that his arrest was the result of false statements made by Defendant Powell, a Publix manager. Plaintiff alleges that there was a prolonged prosecution that ultimately resulted in the dismissal of the shoplifting charge on October 25, 2025. Plaintiff brought this pro se action on October 27, 2025.

The Magistrate Judge methodically analyzed each of the Plaintiff's causes of action and correctly concluded that the statute of limitations had expired on the false arrest, intentional infliction of emotional distress, and libel claims because the statute of limitations on those claims began to run in or about the time of Plaintiff's arrest and prosecution. (Dkt. No. 30 at 4-5). The Magistrate Judge further found that the malicious prosecution claim and related prayer for punitive

damages should not be dismissed because the statute of limitations did not begin to run until the criminal charge was disposed of in Plaintiff's favor in October 2025. (*Id.* at 6). Finally, the Magistrate Judge recommended that Plaintiff's motion to amend (Dkt. No. 29) be dismissed as moot since it was duplicative of the earlier filed amended complaint.

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that all claims of Plaintiff except the claim for malicious prosecution and the related prayer for punitive damages be dismissed.

## III. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 30) is **ADOPTED** as the Order of the Court and Defendant's motion to dismiss (Dkt. No. 25) is **GRANTED** in regard to the claims for false arrest, intentional infliction of emotional distress, and libel and **DENIED** regarding Plaintiff's claim for malicious prosecution and prayer for punitive damages. Plaintiff's motion to amend (Dkt. No. 29) is **DENIED** as moot.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 25, 2026
Charleston, South Carolina